[ECF No. 78]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **PUMA BIOTECHNOLOGY, INC., et al.,**<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>**SANDOZ INC.,**<br><br>　　　　Defendant. | Case No. 21-19918 (RMB)(EAP) |

# MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Motion of Defendant Sandoz Inc., ECF No. 78, seeking to redact and seal certain portions of the transcript of the August 10, 2022 telephonic status conference. Plaintiffs have not opposed the Motion. The Court has considered Defendant's moving papers and decides this matter on the briefing pursuant to Federal Rule of Civil Procedure 78(b). For the reasons that follow, and for good cause shown, Defendant's Motion is **DENIED WITHOUT PRJUDICE**.

## BACKGROUND AND PROCEDURAL HISTORY

This case is a patent infringement action that arises out of Defendant's submission of an Abbreviated New Drug Application to the U.S. Food and Drug Administration. *See* ECF No. 1 ¶ 1. On November 10, 2021, Plaintiffs Puma Biotechnology, Inc. and Wyeth LLC filed a Complaint against Defendant Sandoz Inc. *See id*. On August 10, 2022, counsel for the parties attended a telephone status conference with the Court held pursuant to Federal Rule of Civil Procedure 16. *See* ECF No. 73. The Court held the conference on the record. *See id.* On August 19, 2022, the Court filed the transcript ("Transcript") of the status conference on the docket under temporary

seal. *See* ECF No. 74. Among other things, the docket entry further advised the parties that they could file a motion to react and seal a transcript/digital recording pursuant to L. Civ. R. 5.3(g).

On September 20, 2022, Defendant filed a Motion to redact and seal certain portions of the Transcript (the "Excerpts").[1] *See* ECF No. 78. The Motion is supported by the Certification of Eric I. Abraham, Esquire, counsel for Defendant Sandoz Inc. *See* ECF No. 78-1. Defendant argues that certain Excerpts of the Transcript qualify as "Highly Confidential Information" under the terms of the Stipulated Discovery Confidentiality Order. *See id.* ¶ 2; *see also* ECF No. 65, Stipulated Discovery Confidentiality Order. Also, Defendant argues that the Excerpts contain "confidential, competitive, and non-public information" related to Defendant's "proposed drug products and their launch." *Id.* ¶ 4. Defendant further argues that disclosure of the Excerpts "would provide the public insight into the business and operations of Sandoz, could cause competitive harm to Sandoz and could have an impact on the intellectual property litigation landscape." *Id*. ¶ 5. Defendant states that no party opposes the redaction and sealing, *see* ECF No. 78-2, and the Court notes that no opposition to the Motion has been filed.

## DISCUSSION

While it is within the Court's authority to restrict public access to information, it is well-settled that there is a "common law public right of access to judicial proceedings and records." *In re Cendant Corp*., 260 F.3d 183, 192 (3d Cir. 2001). The moving party bears the burden to overcome the presumption of public access and must demonstrate that "good cause" exists for the protection of the material at issue. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). "Good cause is established on a showing that disclosure will work a clearly defined and

---

[1] Defendant initially filed its motion on September 19, 2022. *See* ECF No. 77. That motion, however, was submitted incorrectly as a "motion to seal," rather than a "motion to redact and seal a transcript." Defendant filed a corrected motion the next day. *See* ECF No. 78.

2

serious injury to the party seeking closure. The injury must be shown with specificity." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not support a good cause showing. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

Local Civil Rule 5.3 imposes additional requirements on motions to restrict public access to any materials filed with the Court or used in connection with judicial decision-making. The Rule dictates that a party seeking to redact or seal materials must attach an index to its motion papers that describes "with particularity": (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request. L. Civ. R. 5.3(c)(3).

Defendant has adequately provided the information required by parts (a), (e), and (f) of the Rule. For part (a), Defendant has described with particularity the nature of the material at issue. Defendant seeks to redact and seal certain Excerpts in the Transcript of a single telephone status conference, and Defendant has listed the specific and limited passages in its briefing. *See* ECF No. 78-3 at 3. Also, Defendant has clearly stated that there have been no prior orders sealing the same materials in this action, and that no party objects to the sealing request. ECF No. 78-2. However, Defendant has failed to set forth with particularity the information required by parts (b), (c), and (d) of Local Civil Rule 5.3(c)(3).

First, Defendant has not met its burden of identifying an adequate and legitimate public or private interest that warrants redacting and sealing the Excerpts of the Transcript. As its basis for

sealing, Defendant states: "The Defendant requests sealing of the information because it reveals, contains and or reflects information unavailable to the public and information which constitutes Sandoz's 'Highly Confidential' information under the parties' Stipulated Discovery Confidentiality Order, entered on May 9, 2022 (D.E. 65)." ECF No. 78-2.  However, "it is well-settled that merely because a document is designated 'confidential' pursuant to a Discovery Confidentiality Order does not necessarily mean that the document satisfies the criteria for sealing pursuant to L. Civ. R. 5.3." *Horizon Pharma AG v. Watson Lab'ys Inc.-Fla.*, No. 13-5124, 2015 WL 12859581, at *1 (D.N.J. Apr. 22, 2015) (citations omitted).[2]  In addition, a declaration stating that information is currently unavailable to the public, without more, is insufficient to overcome the presumption of public access to judicial records.  Although "[c]ourts have recognized that the confidentiality of business agreements, trade secrets or commercial information are a legitimate private interest[,]" *Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012), it is unclear how the Excerpts relate to any of these categories of information.  Despite Defendant's assertions that the Excerpts contain "commercial and proprietary information" that relate to its drug products, ECF No. 78-1, ¶ 4, the Excerpts are generalized statements that do not provide any obvious insight into the company.  Therefore, Defendant has not clearly articulated what legitimate interest supports keeping the Excerpts under seal.

Second, Defendant has not stated with particularity what clearly defined and serious injury would result if the Court does not grant its Motion to redact and seal.  Defendant declares that, "[i]f filed on the docket, the information will reveal highly confidential information."  ECF No. 78-2.[3]  This highly general and conclusory statement is insufficient to warrant redaction.  Indeed,

---

[2] Furthermore, Defendant does not explain why the Excerpts would qualify as "Highly Confidential Information" under the terms of the Stipulated Discovery Confidentiality Order.  ECF No. 65.

[3] In its proposed Findings of Fact, Defendant also states that, "[t]he clearly defined and

"[c]onclusory assertions that fail to specify why the materials are confidential and what injury would occur as a result are insufficient to satisfy the requirements of the rule." *Horizon Pharma AG*, 2015 WL 12859581, at *2; *see also Locascio v. Balicki*, No. 07-4834, 2011 WL 2490832, at *6 (D.N.J. June 22, 2011) ("The claimed injury must be specifically stated because broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.") (internal quotation marks and citation omitted).  Defendant asserts that disclosure of the Excerpts "could cause competitive harm to Sandoz and could have an impact on the intellectual property litigation landscape." ECF No. 78-1, ¶ 5.  Defendant, however, does not elaborate on what competitive harm would result, or from what source, or how the intellectual property litigation landscape could be affected.  Local Civil Rule 5.3(c)(3) requires a showing of what clearly defined and serious injury "**would result** if protection is denied," not merely a general and speculative statement of an injury that "**could**" result.  *HomeSource, Corp. v. Retailer Web Servs., LLC*, No. 18-11970, 2019 WL 13084419, at *3 (D.N.J. Oct. 11, 2019) (emphasis in original); *see also Supernus Pharms., Inc. v. Actavis, Inc.*, No. 13-4740, 2014 WL 6474039, at *2-3 (D.N.J. Nov. 18, 2014) (denying a pharmaceutical company's motion to seal supported solely by "general and conclusory statements" of harm from the disclosure of "trade secret and other confidential research, development, commercial, and technical information").  Accordingly, the Court finds that Defendant has failed to identify a clearly defined and serious injury that would arise from disclosure of the Excerpts.

As a result, the Court further finds that Defendant has not established why a less restrictive alternative to redacting and sealing the Excerpts of the Transcript is not available.  Again,

---

serious injury that would result if the Confidential Information [were] disclosed is: Sandoz would be seriously injured." ECF No. 78-3, at 3-4.  This circular reasoning does not bolster Defendant's arguments.

5

Defendant provides a general and conclusory statement that, "[a]ny alternative to sealing does not provide the protections to the highly confidential information." ECF No. 78-2. The Court recognizes that Defendant has moved to redact only limited Excerpts of the Transcript instead of sealing the entire document, and that the Excerpts relate to a single topic. However, because Defendant has not articulated what legitimate interest it is protecting, or what injury it would suffer if its Motion were not granted, the Court does not have sufficient information to determine whether a less restrictive alternative is available.

Lastly, the Court notes two additional procedural deficiencies in Defendant's Motion. First, Local Civil Rule 5.3(c)(1) requires that a motion to seal or restrict public assess "be made on notice, by a single, consolidated motion on behalf of all parties." Here, although Plaintiffs have not opposed the Motion, Defendant filed the Motion by itself and not on behalf of all parties. *See, e.g.*, *Sosinavage v. Thompson*, No. 14-3292, 2022 WL 2442496, at *3 (D.N.J. July 4, 2022) (denying a party's non-consolidated motions to seal because they were "more akin to normal motion practice, as a party's unilateral filing to seal[,]" and thus violated Local Civil Rule 5.3(c)(1)).

Second, Local Civil Rule 5.3(c)(3) requires that motion papers include an "an affidavit, declaration, certification, or other documents of the type referenced in 28 U.S.C. § 1746, which shall be based on personal knowledge as required by Local Civil Rule 7.2(a)."[4] In *Supernus Pharms., Inc.*, 2014 WL 6474039, at *3, the court disregarded a certification accompanying a motion to seal because it was made by counsel for the moving party and did not "attest to the fact that she has personal knowledge of the facts establishing the allegedly confidential nature of the

---

[4] Local Civil Rule 7.2(a) states that: "Affidavits, declarations, certifications and other documents of the type referenced in 28 U.S.C. § 1746 shall be restricted to statements of fact within the personal knowledge of the signatory."

materials at issue or the harm that would result if the materials are not sealed." *See also Sosinavage*, 2022 WL 2442496, at *3 (denying a motion to seal which improperly included a declaration made by outside litigation counsel who was "not an employee of the Defendants and therefore lack[ed] personal knowledge of the Confidential Materials and the Defendants in general.") Similarly, here, the certification accompanying Defendant's Motion was made by Defendant's outside counsel, who does not attest to having personal knowledge of Defendant's business operations or the competitive harm that Defendant could suffer. Therefore, the certification is not compliant with Local Civil Rules 5.3(c)(3) and 7.2(a).

In conclusion, Defendant's Motion to redact and seal portions of Transcript of the August 10, 2022 Telephonic Status Conference must be denied for Defendant's failure to state with particularity the legitimate private or public interest which warrants the relief sought, the clearly defined and serious injury that would result if the relief sought is not granted, and why a less restrictive alternative to the relief sought is not available. The Motion also violates Local Civil Rule 5.3 because it is not a consolidated motion made on behalf of all parties, and Defendant has not included a certification based on personal knowledge.

**THEREFORE,**

**IT IS** on this **19th** day of **December 2022**;

**ORDERED** that Defendant's Motion to Redact and Seal, ECF No. 78, is **DENIED WITHOUT PREJUDICE**. However, the Confidential Materials shall remain under temporary seal; and it is further

**ORDERED** the parties are granted leave to file a consolidated Motion to redact and seal that complies with Local Civil Rules 5.3 and 7.2 within thirty (30) days of the date of this Order.

If the motion is not timely filed, the Clerk of the Court is directed to unseal the Transcript, ECF No. 74, and it is further

**ORDERED** that the parties shall file a publicly available, redacted version of the Transcript, ECF No. 74, no later than fourteen (14) days after the consolidated motion is filed.

s/ Elizabeth A. Pascal<br>
ELIZABETH A. PASCAL<br>
United States Magistrate Judge

cc:  Hon. Renée M. Bumb, U.S.D.J.